UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARLIN BUSINESS BANK,

                    Plaintiff,

             -against-

**DECISION AND ORDER**
14-cv-2382 (ADS)(GRB)

THE HALLAND COMPANIES, LLC,

                    Defendant.
-----------------------------------------------------------
THE HALLAND COMPANIES, LLC,

                    Third-Party Plaintiff,

             -against-

ANDREW FENTON, NEWPORT BUSINESS
SOLUTIONS, INC. and LONG ISLAND
BUSINESS SOLUTIONS, INC.,

                    Third-Party Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Foster & Wolkind, P.C.**
*Attorneys for the Plaintiff*
80 Fifth Avenue
Suite 1401
New York, NY 10011
       By:   Peter Bradley Foster, Esq.
                Bryan E. Wolkind, Esq., Of Counsel

**Law Offices of Stephen R. Stern, P.C.**
*Attorneys for the Defendant*
445 Broad Hollow Road
Ste. 124
Melville, NY 11747
       By:   Stephen R. Stern, Esq.,
                Sloan Jessica Zarkin, Esq., Of Counsel

**NO APPEARANCES:**

*The Third Party Defendants Andrew Fenton, Newport Business Solutions, Inc., Long Island Business Solutions, Inc.*

**SPATT, District Judge.**

On March 21, 2014, the Plaintiff Marlin Business Bank (the "Plaintiff") commenced this action against the Defendant the Halland Companies, LLC (the "Defendant") in the Philadelphia County Court of Common Pleas, alleging a breach of an equipment lease agreement.

The following facts are drawn from the complaint. According to the complaint, the Plaintiff is a commercial bank charted by the State of Utah and a member of the Federal Reserve System, with an office in Philadelphia County. Among other things, the Plaintiff is a direct lender providing financing to businesses so that they can acquire new equipment and technology.

Upon the Plaintiff's information and belief, the Defendant is a New York limited liability company.

On September 12, 2012, the Defendant executed and delivered an Equipment Lease Contract (the "Lease"), which provided for the lease and hire of certain items of equipment and provided for payments to be made by the Defendant. The Lease contained a forum selection clause under paragraph 18 which reads as follows:

> You hereby acknowledge that this Agreement was accepted by us in Pennsylvania, where we maintain an office, and it did not take effect until we received the executed legal documents in our Pennsylvania office. Accordingly, you agree that this agreement shall be governed by the laws of the Commonwealth of Pennsylvania. You agree that any suit relating to this Agreement shall be brought only in a state or federal court in Pennsylvania, and you irrevocably consent and submit to the jurisdiction of such courts. Each party waives any right to a jury trial.

(Compl, at ¶ 9.)

On April 14, 2014, the Defendant removed this case pursuant to U.S.C. § 1441(b) to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

On April 23, 2014, the Plaintiff moved for an order pursuant to 28 U.S.C. § 1447(c) remanding this case to the Philadelphia County Court of Common Pleas and awarding the Plaintiff costs and attorneys' fees incurred by the Plaintiff in association with this motion.

Also, on April 23, 2014, the Defendant filed a counterclaim against the Plaintiff and a third-party complaint against Andrew Fenton, Newport Business Solutions, Inc., and Long Island Business Solutions, Inc.

On April 28, 2014, the Defendant filed an amended counterclaim.

Also, on April 28, 2014, this case was referred for arbitration.

The motion to remand is fully briefed.

Any civil action brought in state court may be removed to the federal district court that embraces the state court only if the federal courts have original jurisdiction over the matter. See 28 U.S.C. § 1441(a).

When challenged, the party seeking removal bears the burden of establishing federal jurisdiction. See In re Refco. Inc. Sec. Litig., 628 F. Supp. 2d 432, 437 (S.D.N.Y. 2008) (citing In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 316 (S.D.N.Y. 2003)). On a motion for remand, the Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996), and, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and alterations omitted).

Of relevance here, the United States District Court for the Eastern District of New York is not a district court which embraces the court in Philadelphia County, as required by 28 U.S.C. § 1441(a). In other words, the Pennsylvania state-court action cannot be removed to this Court. Accordingly, the Court grants that portion of the Plaintiff's motion remanding this case to the Philadelphia County Court of Common Pleas. Having concluded that this case was not properly removed, the Court declines to entertain the Defendant's alternative request to transfer this case to the Eastern District of Pennsylvania under the provision of 28 U.S.C. § 1404.

With respect to the Plaintiff's request for attorneys' fees and costs incurred in connection with this motion, 28 U.S.C. § 1447(c) instructs that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992) (internal citations and quotations omitted). However, the Supreme Court of the United States has since instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

Given the plain language of 28 U.S.C. § 1441(a), the Court concludes that there was no objectively reasonable basis supporting the Defendant's removal of this action to this Court.

The Court notes that, contrary to the contention of the Defendant, "[a] case need not be removed improvidently or in bad faith for costs to be appropriate." Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 61 (S.D.N.Y. 2011), citing Morgan Guar. Trust Co. of N.Y., 971 F.2d at 923.

The Defendant relies on Doukas v. Ballard, 825 F. Supp. 2d 377 (E.D.N.Y. 2011) for the proposition that a finding of bad faith on the part of the removing party is a prerequisite to an award of costs and attorneys' fees under 28 U.S.C. § 1447(c). In that case, the court, in denying the plaintiffs' request for costs and expenses, reasoned that although "removal was improper, the removing defendants had an objectively reasonable basis to at least seek removal given the patent subject matter of the alleged contract and several references in plaintiffs' complaint to the patent application. Moreover, there is no evidence that the removal was done in bad faith, such as to harass or delay." Id. at 384.

Fairly read, Doukas did not hold that a finding of bad faith is a prerequisite to an award of costs and attorney's fees. Rather, the court referenced the plaintiffs' lack of bad faith as one, non-dispositive factor to consider in exercising its discretion under 28 U.S.C. § 1447(c).

Similarly, the Defendant's reliance on Whitestone Sav. & Loan Ass'n v. Romano, 484 F. Supp. 1324 (E.D.N.Y. 1980) is misplaced. There, the court held that "[s]ince there is no indication that the improvident removal was attempted in bad faith (although petitioners' counsel's misapprehension of the law is difficult to understand), no costs will be assessed." Id. at 1327. However, Section 1447(c) was amended in 1988. "The amendment did not add the phrase 'bad faith' to the statute, but rather deleted the requirement that the case have been 'removed improvidently.' Indeed, the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject

5

matter jurisdiction." Morgan Guar. Trust Co. of New York, 971 F.2d at 923. In the Court's view, cases interpreting the prior version of Section 1447(c) are inapposite here.

With respect to the requested costs and attorneys' fees, the Plaintiff's counsel, Bryan E. Wolkind, submitted an affirmation indicating that he spent at least 7.7 hours performing legal services related the removal of this matter, including review of the Defendant's notice of removal and drafting the papers pertaining to this motion. Measured at an hourly billing rate of $275.00 per hour, the Plaintiff's counsel avers that he incurred legal fees in excess of $2,117.50.

However, the Court finds that the submissions relating to the expenses incurred by the Plaintiff's counsel are insufficient. In particular, the Plaintiff's counsel does not indicate his level of expertise or experience, nor does he include information related to the reasonable hourly rate for attorneys working in the Philadelphia area. Accordingly, at this time, the Court cannot award the Plaintiff's counsel his requested fees. As this information is likely available to the Plaintiff's counsel, the Court will afford the Plaintiff an opportunity to submit further documentation in this regard.

In sum, the Court grants that portion of the Plaintiff's motion remanding this case to the Philadelphia County Court of Common Pleas and directs the Clerk of the Court to close this case. Further, the Court finds that Defendant's removal of this case was objectively unreasonable under 28 U.S.C. § 1447(c). However, the Court finds that the submissions of the Plaintiff's counsel relating to the expenses incurred are insufficient. Therefore, the Court denies without prejudice with leave to renew that part of the Plaintiff's motion seeking costs and attorneys' fees. The Plaintiff's counsel is given thirty days from the date of this order to supplement these submissions with regard to his expertise and the reasonable hourly rate for attorneys working in the Philadelphia area.

**SO ORDERED.**

Dated: Central Islip, New York
May 7, 2014

                                                 _Arthur D. Spatt_
                                                  ARTHUR D. SPATT
                                                 United States District Judge